IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JERRY L. SEARS                                                              PLAINTIFF

v.                  Civil No. 05-1067

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                           DEFENDANT

## **MEMORANDUM OPINION**

**Factual and Procedural Background:**

Plaintiff, Jerry Sears, appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying his applications for disability insurance benefits (hereinafter "DIB"), and supplemental security income benefits (hereinafter "SSI"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423,* and supplemental security income benefits (hereinafter "SSI"), and § 1602 of Title XVI, *42 U.S.C. § 1381a,* respectively.

Plaintiff was 32 years of age at the time of the administrative hearing and has an eleventh grade education and one (1) year of vocational technical schooling as a diesel mechanic (T. 190-191, 86, 92, 102). He has past relevant work as a truck driver, diesel mechanic, and production deboner (T. 81, 211). Plaintiff asserts disability due to: obstructive sleep apnea; excessive daytime somnolence; fatigue; headaches; hypertension; impaired breathing; low back pain; and, obesity.

The Social Security Administration denied plaintiff's applications initially and on reconsideration. He then requested and received a hearing before an Administrative Law Judge (hereinafter "ALJ"), which hearing was held on March 2, 2005 (T. 189-215). The ALJ

rendered an unfavorable decision on May 25, 2005 (12-17). By Order entered July 7, 2005, the Appeals Council denied the plaintiff's Request for Review of the hearing decision (T. 4-6), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision. See *42 U.S.C. § 405(g)*. Each party has filed an appeal brief, herein (Doc. #6 & 70), and this matter is now ready for consideration.

**Applicable Law:**

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.2002)*. Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir.2003)*. As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari, 258 F.3d 742, 747 (8th Cir.2001)*. In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir.2000)*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see 42 U.S.C. § § 423(d)(1)(A),*

*1382c(a)(3)(A)*. The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *42 U.S.C. § § 423(d)(3), 1382c(3)(C)*. A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See *20 C.F.R. § § 404.1520(a)-(f)(2003)*. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. See *McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir.1982); 20 C .F.R. § § 404.1520, 416.920 (2003)*.

Further, the ALJ may discredit subjective complaints which are inconsistent with the record as a whole. *Ownbey v. Shalala*, 5 F.3d 342, 344 (8th Cir.1993). The law on this issue is clear. Under *Polaski v. Heckler*, 739 F.2d 1320, 1321-22 (8th Cir.1984), "an ALJ must look at five factors when determining the credibility of a claimant's subjective allegations of pain: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) aggravating and precipitating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Harris v. Shalala, 45 F.3d 1190, 1193 (8th Cir.1995); see also*

*Baker v. Sec. of HHS, 955 F.2d 552, 555 (8th Cir.1992)*.  The absence of an objective medical basis which supports the subjective complaints of pain is just one factor to be considered in evaluating the credibility of a plaintiff's subjective complaints of pain. *Polaski v Heckler, 751 F.2d 943, 948 (8th Cir.1984); see also, Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir.1995)*.  The ALJ must "discuss" these factors in the hearing decision. *Herbert v. Heckler, 783 F.2d 128, 131 (8th Cir.1986)(citing Polaski v. Heckler, 751 F.2d 943, 948-950 (8th Cir.1984))*.  Consideration must also be given to all the evidence presented related to the claimant's prior work history, and the observations of non-medical third parties, as well as treating and examining physicians related to the above matters. *20 C.F.R. § 416.929; Social Security Ruling 96-7p; Polaski v. Heckler, 751 F.2d 943 (8th Cir.1984)*(subsequent history omitted).

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler, 739 F.2d at 1322.*

To determine whether the ALJ properly applied the factors listed in *Polaski*, we must determine whether the ALJ took into account all the relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility. *Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir.1987)*.  The ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen, 862 F.2d 176, 179 (8th Cir.1988).*

Implicit in the ALJ's task of making a credibility determination is the requirement that

AO72A
(Rev. 8/82)

he "discuss" the *Polaski* factors. *Herbert v. Heckler*, *783 F.2d at 130* (the *Polaski* cases and the Social Security Disability Reform Act of 1984 require that the Commissioner set forth the inconsistencies in the objective medical evidence presented and discuss the factors set forth in the *Polaski* settlement when making "credibility" determinations concerning claimant's subjective complaints of pain).

In summary, the ALJ must discuss and point out the inconsistencies in the record, in order to make a credibility determination. *Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir.1991)* ("it is not enough that inconsistencies may be said to exist, the ALJ must set forth the inconsistencies in the evidence presented and discuss the factors set forth in *Polaski* when making credibility determinations"); *Herbert v. Heckler*, *783 F.2d at 131* (even though evidence with respect to *Polaski* factors is in the record, those factors must be discussed in the decision).

Residual functional capacity is what a plaintiff can do despite his limitations, and it must be determined on the basis of all relevant evidence, including medical records, physician's opinions, and the plaintiff's description of his limitations. *Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir.2001);* see also, *Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995); 20 C.F.R. §§416.945(a).*

"Nonexertional limitations are limitations other than on strength but which nonetheless reduce an individual's ability to work." *Asher v. Bowen, 837 F.2d 825, 827 n. 2 (8th Cir.1988).* Examples include "mental, sensory, or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions." *Id.; See 20 C.F.R., Pt. 404, Subpart P, Appendix 2, §§200.00(e).*

AO72A
(Rev. 8/82)

Further, the prevailing rule, in the Eighth Circuit and elsewhere, is that "the report of a consulting physician who examined the claimant once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the evaluation of the claimant's treating physician." *Turpin v. Bowen, 813 F.2d 165, 170 (8th Cir.1987)*. However, neither is the opinion of the treating physician "conclusive in determining disability status, [since it] must be supported by medically acceptable clinical or diagnostic data." *Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir.1989)*. Moreover, the deference accorded a treating physician is premised upon, as exists here, a presumed familiarity with the plaintiff's condition. *See, e.g., Peterson v. Shalala 843 F.Supp. 538, 541 (D.Neb.,1993)* citing *Havas v. Bowen, 804 F.2d 783, 785 (2d Cir.1986)*.

The fact that a physician is not trained in the statutes and regulations of the Social Security Act does not preclude the physician from evaluating the plaintiff. The physician's findings and conclusions constitute substantial evidence which must be carefully weighed by the ALJ and the Commissioner. Unless there is medical evidence that contradicts or refutes the physician's medical conclusion, the Commissioner is *bound* to treat the treating physician's diagnosis and conclusion as substantial evidence.[1] *Morse v. Shalala 16 F.3d 865, 872 -873 (8th Cir.1994)*, citing *Bastien v. Califano, 572 F.2d 908, 912 (2d Cir.1978)*; see also *Whitney v. Schweiker, 695 F.2d 784, 789 (7th Cir.1982)* ("If the ALJ concludes that a treating physician's

---

[1] This approach is consistent with Social Security Regulations that grant controlling weight to a treating physician's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the case. *See 20 C.F.R. § 416.927(d)(2) (1993) (effective Aug. 1, 1991); Nelson v. Sullivan, 966 F.2d 363, 367-68 (8th Cir.1992)* (recognizing that "the new regulation merely codifies this circuit's law regarding the opinions of treating physicians").

AO72A
(Rev. 8/82)

evidence is credible, therefore, he should give it controlling weight in the absence of evidence to the contrary because of the treating physician's greater familiarity with the plaintiff's conditions and circumstances.")

We note, however, that although a treating physician's opinion is entitled to great weight, it does not automatically control or obviate the need to evaluate the record as whole. *Hogan v. Apfel* 239 F.3d 958, 961 (8th Cir.2001). The ALJ may discount or disregard such an opinion if other medical assessments are supported by superior, or more thorough medical evidence, or if the treating physician has offered inconsistent opinions. *Id; Rogers v. Chater,*118 F.3d 600, 602 (8th Cir.1997).

In short, the ALJ is not required to believe the opinion of a treating physician when, on balance, the medical evidence convinces him otherwise. *Id.* As but one example, a treating physician's opinion is not entitled to its usual substantial weight when it is, essentially, a vague, conclusory statement. *Piepgras v. Chater,* 76 F.3d 233, 236 (8th Cir.1996), citing *Thomas v. Sullivan,* 928 F.2d 255, 259 (8th Cir.1991). Rather, conclusory opinions, which are rendered by a treating physician, are not entitled to greater weight than any other physician's opinion. *Id.; Metz v. Shalala,* 49 F.3d 374, 377 (8th Cir.1995).

The Code of Federal Regulations sets forth additional factors, to assist the ALJ in determining what weight should be afforded to the opinion of a given physician, including a treating physician. The Regulations encourage the ALJ to afford more weight to those opinions which are "more consistent with the record as a whole." *20 C.F.R. § 416.927(d)(4).* More weight is also to be extended to "the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." *20 C.F.R. §*

AO72A
(Rev. 8/82)

*416.927(d)(5).* When presented with a treating physician's opinion, the ALJ is obligated to examine the nature and extent of the treatment relationship, attributing weight to such an opinion that is proportionate to the knowledge that the medical provider has about the plaintiff's impairments. *20 C.F.R. § 416.927(d)(2)(ii).* Additionally, the ALJ must either attempt to reconcile the medical reports of the treating physicians with those of the consulting physicians, or direct interrogatories to each of the physicians to obtain a more substantiated opinion of the plaintiff's capabilities and the onset of his disabilities. See *Smith v. Schweiker, 28 F.2d 1158, 1163 (8th Cir.1984); O'Leary v. Schweiker, 710 F.2d 1334, 1342 (8th Cir.1983); Funderburg v. Bowen 666 F.Supp. 1291, 1298 -1299 (W.D.Ark.,1987).*

"[A] factfinder is not permitted to adopt the opinion of a consulting physician who examined claimant only once over the opinion of claimant's treating physician." *Robertson v. Sullivan, 925 F.2d 1124, 1126 (8th Cir. 1991),* and the United States Court of Appeals for the Eighth Circuit has consistently discounted the opinions of non-treating physicians who have seen the patient only once, much less, not at all. *Henderson v. Sullivan, 930 F.2d 19, 21 (8th Cir.1991); Riley v. Shalala 849 F.Supp. 679, 682 (E.D.Ark.,1993).*

**Discussion:**

Here, it is clear that the ALJ improperly discounted the opinions of plaintiff's treating physician, and this matter should be remanded on this basis.

The plaintiff alleges numerous subjective complaints and nonexertional limitations, including: excessive daytime somnolence depression (T. 206, 80, 100, 1104, 123, 132, 138, 139, 140, 161); fatigue (T. 163, 91, 132, 139, 152, 164); headaches (T. 91, 101, 141, 152, 164);

and, impaired breathing (T. 206, 207, 141, 152). Also, plaintiff alleges his medications make him drowsy (T. 101).

It is also noted that the objective medical evidence contains documentation of conditions that could reasonably be expected to produce the subjective allegations and nonexertional limitations that plaintiff claims: severe obstructive sleep apnea (T. 192, 206, 207, 80, 132, 155, 160, 164, 162, 161); hypertension (T. 101, 152); and, obesity (T. 152, 155). See *Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir.199)*. The ALJ who determines that a plaintiff's testimony as to pain is not credible must make specific findings explaining that conclusion. E.g., *Baker v. Secretary of Health and Human Services, 955 F.2d 552, 555 (8th Cir.1992)*.

Plaintiff has been treated by Dr. Franklin Roberts at least since November 17, 1997, and the earliest progress note of record bears the notation "OLD CHART SENT TO STORAGE" (T. 164), indicating a longer treating relationship exists (T. 160-164). As early as November 17, 1997, Dr. Roberts provisionally diagnosed sleep apnea. In fact he referred the plaintiff for a sleep study at St. Michael Health Care Center in 1999 (T. 163), and prescribed a C-PAP machine for his use that same year (T. 164).

On September 11, 2000, Dr. Roberts opined:

Mr. Sears has been **unable to work since May 01** due to sleep apnea. He has been under treatment with limited results. His prognosis for future employment at this time remains guarded, pending further evaluation and possible surgery.

(T. 162). (emphasis supplied) Dr. Roberts also referred the plaintiff to the University of Arkansas Hospital for Medical Science (hereinafter "UAMS"), on January 7, 2003 (T. 161).

AO72A
(Rev. 8/82)

Plaintiff was evaluated there on January 29, 2003, for excessive daytime somnolence, fatigue and breathing problems (T. 152-159). Plaintiff also reported migraine headaches and hypertension. The physicians at UAMS diagnosed obstructive sleep apnea with obesity, and noted that plaintiff had used his C-PAP machine for two (2) years with "no improvement in daytime fatigue or tiredness - stopped using it because it broke." It was recommended that plaintiff needed: to be on C-PAP; a nutrition consult [2]; to not work until treated; and, to return in three (3) to four (4) months (T. 152).

> In his decision, the ALJ acknowledged Dr. Roberts' opinion, stating the following:
>
> However, the claimant was later evaluated at UAMS on January 29, 2003 and acknowledged that he had ceased using a CPAP device. The examining physician indicated that he should not work until CPAP treatment was established. There is no reference to any permanent restriction from all work activity.

(T. 14, ¶ 3). (emphasis supplied) This is the only basis which was provided for discounting Dr. Roberts' opinion and findings (T. 14) This is error.

Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must "always give good reasons" for the particular weight given to a treating physician's evaluation. *20 C.F.R § 404.1527(d)(2); see also SSR 96-2p; Prosch v. Apfel 201 F.3d 1010, 1013 (8th Cir.2000)*. The ALJ failed to adequately explain his decision to discount Dr. Roberts' opinions and findings, and failed to properly evaluate the UAMS physician's findings. As has been stated, both doctors noted that plaintiff was unable to

---

[2] Plaintiff also reported that he had gained 20-30 pounds in the previous two to three months "because he had to eat to keep awake while driving." (T. 152)

work, at least for some period of time (T. 162, 152).

We note that the ALJ's decision is devoid of any consideration of a closed period of disability. The United States Court of Appeals for the Eighth Circuit has made clear, disability is not an "all-or-nothing" proposition; an applicant may be entitled to benefits for one portion of a benefit claim period but not another. See *Lubinski v. Sullivan 952 F.2d 214, 219 (8th Cir. 1991),* citing *Van Horn v. Heckler, 717 F.2d 1196, 1200 (8th Cir.1983);* see also *Atkinson v. Bowen, 864 F.2d 67, 71 (8th Cir.1988).* The Commissioner frequently has awarded such a "closed period" disability benefit. See*, e.g., Ness v. Sullivan, 904 F.2d 432, 434-35 (8th Cir.1990)* (Secretary awarded closed period award; case remanded to determine if closed period should be extended); *Woods v. Bowen,)854 F.2d 288, 290 (8th Cir.1988)* (modifying closed period award). Thus, on remand, it is suggested that the parties consider this issue and develop the record accordingly.

**Conclusion:**

The undersigned concludes that the ALJ's decision denying DIB and SSI benefits to the plaintiff is not supported by substantial evidence and should be reversed. We further conclude that this matter should be remanded to the Commissioner for reconsideration, to include an adequate consideration of the treating physician's opinions, or appropriate explanation as to discounting the same, and for consideration of a closed period of disability, if appropriate.

ENTERED this 6th day of July, 2006.

                                            /s/ Bobby E. Shepherd
                                        HONORABLE BOBBY E. SHEPHERD
                                        UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)